IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOMINIQUE PROVOST,<br><br>   Plaintiff,<br><br>v.<br><br>WRH REALTY SERVICES, INC.,<br><br>   Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Dominique Provost (hereinafter "Plaintiff" or "Ms. Provost"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.* as well as Title VII of the Civil Rights Act and the Pregnancy Discrimination Act ("PDA").

1

## ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action. Plaintiff filed her Charge of Discrimination against WRH Realty Services, Inc., on August 25, 2021. The EEOC issued its Notice of Right to Sue on May 27, 2022.

3.

Sometime in January 2022, Defendant WRH Realty, Inc., ("Defendant") submitted its position statement to the EEOC.

4.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

5.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

6.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Northern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## **PARTIES**

7.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*, in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

8.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant.

9.

During all times relevant hereto, Defendant WRH Realty Services, Inc. ("Defendant") has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment.

10.

Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

11.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

12.

Defendant may be served by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

12.

Defendant is now and, at all times relevant hereto, has been a foreign profit corporation.

## FACTUAL ALLEGATIONS

13.

Ms. Provost began working for Defendant sometime in November of 2018, as an Assistant Property Manager.

14.

Ms. Provost advised the Director of Human Resourses, Anglea Taylor that she was pregnant on or about February 16, 2021.

15.

Ms. Provost also advised Ms. Taylor that her due date was in April of 2021 on the same day.

16.

Ms. Taylor advised Plaintiff that the company did not have maternity leave and that Plaintiff would have to take FMLA.

17.

Plaintiff completed the necessary paperwork and requested 12 weeks of FMLA on or about February 1, 2021.

18.

Plaintiff's supervisor Angela Covington signed off on her FMLA paperwork on or about February 16, 2021.

19.

Plaintiff's FMLA leave began on February 29, 2021 and was scheduled to end on May 29, 2021.

20.

Plaintiff's return date to work at WHR Realty, Inc. was June 1, 2021.

21.

Plaintiff was advised by her supervisor, Angela Covington that her FMLA paperwork was approved.

22.

On or about May 3, 2021, Plaintiff contacted HR and spoke with Ms. Taylor regarding her return to work and was advised that she was no longer employed.

23.

Ms. Taylor advised Plaintiff that she was terminated on March 1, 2021 due to failure to return to work.

24.

Defendant terminated Plaintiff while she was on FMLA on March 1, 2021.

25.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

26.

Defendant terminated Plaintiff's employment during a time in which Plaintiff was on FMLA leave.

**COUNT I – FMLA INTERFERENCE WITH EXERCISE OF FMLA RIGHTS**

27.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

28.

Defendant is an 'employer' as defined by the FMLA.

29.

Plaintiff was an eligible employee as defined under the FMLA.

30.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

31.

Plaintiff was employed by Defendant for more than 12 months.

32.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

33.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

34.

Plaintiff was an eligible employee as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

35.

Despite Plaintiff being eligible for FMLA leave, Defendant terminated the Plaintiff while still out on FMLA.

36.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to him solely because of her right to leave under the FMLA.

37.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

38.

Plaintiff is also entitled to liquidated damages for Defendant's violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because Defendant's actions to prevent Plaintiff from taking his awarded leave were willful violations of the FMLA.

## COUNT II – RETALIATION FOR EXERCISE OF FMLA RIGHTS

39.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

40.

Defendant is an 'employer' as defined by the FMLA.

41.

Plaintiff was an eligible employee under the FMLA.

42.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

43.

Plaintiff was employed by Defendant for more than 12 months.

44.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

45.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

46.

Plaintiff had a serious medical condition as defined by the FMLA.

47.

Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

48.

In terminating Plaintiff's employment, Defendant retaliated against Plaintiff for exercising her right to take leave as provided under the FMLA.

49.

Defendant's actions in retaliation against Plaintiff for refusing her FMLA were committed with reckless disregard for Plaintiff's right to be free discriminatory treatment under the FMLA, specifically 29 U.S.C. §2615(a)(1)(2).

50.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her under the FMLA.

51.

As a result, Ms. Provost is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

52.

Ms. Provost is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT III - PREGNANCY DISCRIMINATION ACT, TITLE VII

53.

Plaintiff restates and incorporates herein the foregoing paragraphs.

54.

Based on the conduct described in this Complaint, Defendant is liable for discrimination, harassment, and retaliation in violation of the Pregnancy Discrimination Act.

55.

Defendant's conduct constitutes unlawful disregard and indifference to Plaintiff.

56.

Defendant's conduct harmed and caused damage to Plaintiff.

## COUNT IV - PREGNANCY RETALIATION IN VIOLATION OF TITLE VII

57.

Plaintiff restates and incorporates herein the foregoing paragraphs.

58.

Plaintiff engaged in activity protected under Title VII.

59.

Plaintiff's protected activity caused Defendant to retaliate against Plaintiff by terminating the Plaintiff.

60.

The foregoing actions of Defendant were taken in retaliation against Plaintiff and would reasonably dissuade an employee from engaging in protected activity.

61.

As a result, Plaintiff has suffered significant harm, including lost wages and benefits, harm to reputation and severe emotional distress.

**WHEREFORE**, Plaintiff judgment as follows:

(a) A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA and PDA;

(b) General damages for mental and emotional suffering caused by Defendant's misconduct;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(e) Reasonable attorney's fees and expenses of litigation with any and all other costs associated with this action as provided by the FMLA and PDA;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law; and

(h) All other relief to which he may be entitled.

Respectfully submitted the 27th day of July, 2022.

**THE LEACH FIRM, P.A.**

/s/Adeash Lakraj_____
Adeash A.J. Lakraj
GA Bar No. 444848
631 S. Orlando Ave, Suite 300
Wells Fargo Building
Winter Park, FL 32789
Telephone: 770.728.8478
Facsimile: 833.423.5864
Email: alakraj@theleachfirm.com

13